```
 1                 UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 2

 3   _____

 4   UNITED STATES OF AMERICA,

 5                    Plaintiff,        Criminal Action
                                        No. 14-10201-DJC
 6   V.
                                        September 18, 2015
 7   ERIC McPHAIL,

 8                    Defendant.

 9   _____

10

11

12            TRANSCRIPT OF STATEMENT OF REASONS

13          BY THE HONORABLE DENISE J. CASPER

14             UNITED STATES DISTRICT COURT

15           JOHN J. MOAKLEY U.S. COURTHOUSE

16                   1 COURTHOUSE WAY

17                    BOSTON, MA  02210

18

19

20

21
                     DEBRA M. JOYCE, FCRR
22                  Official Court Reporter
                 John J. Moakley U.S. Courthouse
23                1 Courthouse Way, Room 5204
                       Boston, MA  02210
24                  joycedebra@gmail.com

25
```

```
 1                  *   *   *   *   *   *   *   *   *   *
 2            THE COURT:  Counsel, I want to thank you for your
 3   recommendation and your arguments today, as well as the papers
 4   that you filed.
 5            I've had the benefit of appropriately zealous advocacy
 6   on both sides of this case throughout the proceedings, and I
 7   appreciate it.
 8            Mr. McPhail, I also appreciate your statement today.
 9   I also want to thank the family members and the friends of
10   yours who provided letters of support.  I also want to
11   acknowledge Mrs. McPhail's statement to this Court.  I know it
12   was extraordinarily hard to make, and I appreciate that
13   statement as well.
14            Mr. McPhail, as you probably know at this point from
15   your counsel, to determine a reasonable and appropriate
16   sentence here, I must consider and weigh quite a number of
17   factors, including, but not limited to, the advisory guideline
18   sentencing range that you heard me discuss with counsel today,
19   the nature and circumstances of the crimes that you now stand
20   convicted of, your personal history and background, and the
21   need for any sentence I impose to do a number of things, not
22   just reflect the seriousness of the offense, but promote
23   respect for the law; provide just punishment and adequate
24   deterrence, not just to you, but to others; and to avoid
25   unwarranted sentencing disparities; and all of the factors
```

1     under Title 18, United States Code, 3553(a).

2              First, let me just say a word about the crimes that
3     you committed here.  I won't repeat everything that was said in
4     the presentence report or that I heard live in the course of
5     the trial, but certainly the verdict in this case reflected
6     your conviction for insider trading on a misappropriation
7     theory.  There's no dispute that you did not financially profit
8     yourself, but you passed on material, nonpublic information
9     about AMSC in violation of -- of a relationship of trust with
03:23 10   Mr. Santamaria, who is the insider in this case.

11              And I said this at Mr. Parigian's sentencing, there
12    are victims here.  There is harm here.  There is public harm.
13    I think Mr. Lelling referred to anonymous victims, but I think
14    of it as members of the trading public that didn't have the
15    benefit, didn't have the advantage of this nonpublic
16    information, either in avoiding losses or making additional
17    profit, which you facilitated by providing this information to
18    friends and golfing associates.

19              That is, Mr. McPhail, not the only factor that I'm
03:24 20   required to consider or that I have considered.  I've also
21    considered your personal history and background.  You're 41, if
22    I recall correctly.  You were born in Newton, grew up in
23    Waltham and live in the area and have lived in the area for
24    most of your adult life.  You grew up, by all accounts, not
25    just in the PSR but in the letters to me, in a stable and

loving home.  You're a high school graduate, you have a college degree in business management.  You were married earlier but are now married to Mrs. McPhail, who spoke today, and were married in 2013, and it's clear that you have a supportive relationship and a loving relationship with your wife and that she remains supportive of you, despite your current situation, the current situation that brings you before me today.

It's also clear from not just the number, but the substance of the letters that you have a strong and supportive network of extended family, friends, and colleagues, a number of whom provided, as I said before, letters of support.  It's apparent that you've played a positive role in their lives, in the lives of their family.  A number of them commented on the role that you played in your late father's last years before he passed away from cancer, and the continuing support that you provide to your mother, who also wrote to me.

Other than the instant offense, you don't have a criminal history, and I think your counsel alluded to it.  You've gambled over time on occasion, accumulating gambling debts, one of which I heard about at trial, which Mr. Santamaria lent you money for to repay, but you've otherwise had steady employment in the stone and tile business, as Mr. Cintolo referenced, I think being currently employed by someone who is a long-time friend of yours, if I recall correctly.

```
 1          You made reference to being a good person in your own
 2   statement.  I don't have particular reason to doubt that or to
 3   doubt the regret that you expressed to me that your actions
 4   have brought you to this session of the court and to criminal
 5   charges, and I don't also doubt that you regret the collateral
 6   consequences that your actions have on the people around you,
 7   including the people you love.  Sadly, that's not a situation
 8   that's unique to your case, that's the consequence, the sad
 9   consequence, for family members of anyone charged with a crime,
10   no matter its nature.
11          I've also considered, Mr. McPhail, the advisory
12   guideline sentencing range, which I determined was
13   appropriately calculated at 51 to 63 months.  I think it was
14   appropriately calculated for the reasons I said before, but
15   also because of the nature of the crime and the loss incurred
16   and the obstruction of justice enhancement.
17          The advisory guideline sentencing range, as I know
18   counsel well knows, is only one of the factors that I need to
19   consider, and it is often an imperfect factor when it's driven,
20   as it is here, largely by the loss amount.  In my view, the
21   seriousness of your crime is reflected in the tipping of this
22   nonpublic information, the violation of your relationship of
23   confidence and trust with Mr. Santamaria, as the government has
24   alluded to here as being one of the harms, and the repeated
25   nature of your crime, that you provided this information to
```

```
 1    multiple people and that it occurred over an extended period of
 2    time, July of 2009 through April of 2011.
 3             I've also considered the goals of sentencing that I
 4    described when I began speaking, not just just punishment and
 5    respect for the law, and I think that's important in the
 6    context of insider trading and securities fraud, as it is in
 7    other areas of the law, and deterrence.  I don't think there's
 8    any particular disagreement between the parties that as to
 9    deterrence, my focus should be on general deterrence as opposed
10    to specific deterrence as to you, but general deterrence.  And
11    I agree with the government that general deterrence is
12    important in this area.  Certainly a conviction has some
13    deterrent effect.  I talked about this at Mr. Parigian's
14    sentencing, but I think the sentence here, particularly in this
15    case, given the scope of your culpable conduct, is also
16    important here.
17             Mr. McPhail, I know you're well aware I presided over
18    your trial, I heard all of the evidence as it came in, and I'm
19    certainly aware of the jury's verdict.  I also presided over
20    the plea and sentencing of your co-defendant, Mr. Parigian.
21             I respectfully disagree with Mr. Cintolo about your
22    respective roles.  I do think -- and I alluded to this at
23    Mr. Parigian's sentencing -- I do think your role in this
24    conduct was very different from Mr. Parigian's.  In the words
25    of the government in their sentencing memo, if I recall
```

correctly, you were the linchpin in the success of this scheme. They made the point today that you also initiated passing on the information to your friends and colleagues. And regardless of the difference in your professions between Mr. Parigian being an attorney and you being in the tile business, by any reasonable measure, after having heard all of the evidence in trial and having heard the arguments by counsel today in connection with your sentencing, I think you are more culpable than Mr. Parigian, given the facts and circumstances that are before me.

This scheme wouldn't have been successful without the misappropriation of the information from Mr. Santamaria or your tipping the various individuals who then traded on this information. That's why your advisory guideline sentencing range is calculated at a higher rate, and that's why, in my view, your sentence should be higher.

I've also given consideration to what I think is a mitigating factor, that whatever the benefit to you -- that you didn't yourself financially benefit.

For all of these reasons, I will not adopt the 51-month sentence advocated by the government. This is also in recognition of the parsimony principle, which I always must keep in mind, that I must impose a sentence that's sufficient to affect all of the goals of sentencing, but not greater than necessary to do so. I do think a period of incarceration is

```
 1    warranted here, but one that is less than 51 months.
 2            I should say that I think this sentence will serve all
 3    of the goals of sentencing, including avoiding unwarranted
 4    sentencing disparities.  I think the sentence I'm going to
 5    impose is commensurate with the sentence I imposed for
 6    Mr. Parigian and was imposed for Mr. Tocci by one of my
 7    colleagues, given the very different roles and scope of conduct
 8    that you committed.
 9            I also -- although I didn't apply, didn't think it was
10    appropriate for acceptance of responsibility to be scored under
11    the sentencing guidelines, I did also consider under the
12    3553(a) factors Mr. Cintolo's point about the scope of your
13    disagreement with the nature of the charges.
14            For all of these reasons, Mr. McPhail, I'm going to
15    impose a sentence of 18 months of incarceration, two years of
16    supervised release, I'm not imposing a fine, and a $200 special
17    assessment.
18            I should say for the record, Mr. McPhail and for the
19    benefit of counsel, I understand that I have the discretion to
20    impose a higher or lower sentence, but I don't think that is
21    warranted here based on all of the facts and circumstances of
22    your case.
23                    *   *   *   *   *   *   *   *   *   *
```